**Order filed March 24, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00285-CV

_____

## IN THE INTEREST OF G.L.G., A CHILD

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 22086**

### O R D E R

Before the court is Appellant's pro se motion in which he requests that a recording of the hearing made by the associate judge be filed in this court, that exhibits from that hearing also be filed in this court, and that the clerk's record be supplemented to include the trial court's docket sheet and findings of fact and conclusions of law.[1]   We abate the appeal so that the associate judge (the trial court) may clarify matters relating to the appellate record.

---

[1]We note that the clerk's record previously filed in this court contains the trial court's docket sheet.

Appellant filed a statement of inability to afford the payment of court costs, and the clerk's record does not show that any contest was filed. Therefore, Appellant is entitled to an appellate record at no charge to him. *See* TEX. R. CIV. P. 145.

In his docketing statement, Appellant indicated that there would be no reporter's record. However, he subsequently filed a request in the trial court for a court reporter's record from the hearing held on November 9, 2021, including all evidence and exhibits submitted at that hearing. No reporter's record has been filed in this appeal, and based upon Appellant's motion, it appears that the only record of the November 9 hearing is a recording made by the associate judge. According to Appellant, "the recording of the hearing and the nine (9) evidence files submitted . . . exist on the Judge's computer." We note that, unless conducting a jury trial or a contested termination hearing, an associate judge, in the absence of a court reporter, is permitted to preserve the record "by any means approved by the associate judge." TEX. FAM. CODE ANN. § 201.009(a), (c) (West ____).

Because this appeal is already at issue and because a reporter's record was requested by Appellant, we abate this appeal so that the associate judge may determine, and clarify for this court, the following:

1. Whether a court reporter was present and preserved a record of the November 9 hearing;

2. If a court reporter was not present, whether the record was preserved by other means approved by the associate judge;

3. If the record was preserved by other means approved by the associate judge, whether a copy of that record can be provided to this court;

4. If a copy of the record is available, whether the associate judge can certify to this court that the record is accurate and complete; and

5. Whether, with respect to the November 9 hearing, findings of fact and conclusions of law were entered by the associate judge.

The associate judge shall make any findings necessary to address the concerns stated in this abatement order. Those findings (along with previous findings of fact and conclusions of law, if any) shall be included in a **supplemental clerk's record** to be filed in this court **on or before April 22, 2022**. If, as Appellant suggests, a recording of the November 9 hearing and the exhibits submitted at that hearing were preserved and are contained on the associate judge's computer, **we request that a copy of the recording and the exhibits, along with the associate judge's certification of the record, be submitted to this court for filing** in place of a reporter's record. These items are also due to be filed in this court **on or before April 22, 2022**.

PER CURIAM

March 24, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.